VIOLA OGAN

v.

STATE OF ILLINOIS.

*Opinion filed April 18, 1923.*

GOVERNMENTAL FUNCTION—*calling out of Militia.* The State in ordering out of National Guard and directing its operation during a railroad strike exercises a governmental function, and is not liable for injuries sustained by claimant by the tortious act of its soldiers, whether such acts were committed by the soldier in the discharge of his duty or not, or whether such acts were tortious or not.

Edward J. Brundage, Attorney General, for State.

This is a claim filed by Viola Ogan cleaming to be a resident of the State of Illinois all her life; that she is a widow 33 years of age residing at 1301 South Madison Street, Normal, Illinois; that her husband died in April, 1918, leaving claimant and a child now 10 years old.

The claimant represents that on August 14th, 1922, the employees of the Chicago & Alton Railroad Company were engaged in a strike at Bloomington, Illinois, and that the men and officers of the Illinois National Guard were engaged in guarding the property of said railroad; that the yards of the said railroad company are located in Bloomington, Illinois, and extend for about three blocks south of Seminary Avenue, a public street running east and west in Bloomington and forming the north boundary of the yards. The claimant further represents that on the evening of August 14th, 1922, sentries had been posted along the south side of said avenue at a distance of approximately 75 feet apart and Lieut. Robert L. Crisp, Co. A 130th Infantry, 33rd Division of the said National Guard and other officers were engaged in maintaining peace upon and about the said shop yards; that the said Lieut. Crisp had just proceeded from a point north of the shop yard in the line of his duty and had been challenged by one of the sentinels on the south side of Seminary Avenue and had stopped on the said avenue about 20 inches south of the beaten track in the street.

It is further alleged that Seminary Avenue at that time was a public street in a very rough condition and that there were no orders closing the street, it being open at that time to all legitimate traffic and for the use of automobiles proceeding along it in a quiet and orderly manner without stopping.

On the said evening about eight-thirty it is further alleged claimand and her child were being driven in an automobile upon said Seminary Avenue toward claimant's home at a speed of twelve to fifteen miles per hour, and that the automobile in which claimant was riding passed

Lieut. Crisp and proceeded east about 50 feet from the point where he was standing. It is alleged that Lieut. Crisp carrying a 30 calibre Springfield rifle, and afterwards claiming to have been struck on the leg by the automobile and to have fired for the safety of the men posted east of him, ran two or three paces and shot the rifle at the automobile, the bullet hitting the automobile on the steel rib supporting the right side of the seat immediately behind the claimant's back. It penetrated claimant's back in a shattered condition, striking claimant's vertbrae and being scattered throughout the portion of claimant's body in hundreds of small particles. The claimant, Viola Ogan, was taken to the hospital where she remained over four weeks. While at the hospital an incision was made from the front part of her body and the wound penetrating this cavity from the rear, was cleaned and drained. From this wound there was removed quantities of the stuffing of the automobile seat and many pieces of lead. The wound remained open and continued to eject automobile seat stuffing and small pieces of lead and to exude puss until about March 1st, 1923. The claimant also complained of suffering great pain since that time. The claimant further alleges that she has incurred a hospital bill of $163.10 and physician's bill for $506.00 and that she is the sole support of a child; that she has no relative who is able to afford her any pecuniary assistance; that she has earned a living by washing and doing general housework, and that since being shot, the claimant is totally unable to work and has no means of support excepting her savings and $15.00 per month as a mother's pension. Claimant further avers that she is permanently injured and makes her claim for an amount of ten thousand ($10,000.00) dollars.

The defendant, the State of Illinois, has demurred to the claim on the ground that the State in ordering and conducting the military operations in the course of which the injury is alleged to have occurred, was exercising a governmental function and is not liable for injuries which may have been sustained by persons by the act of one of its soldiers, whether such act was in the discharge of his duty or not, or whether such act is tortious or not.

It is the opinion of this Court that the demurrer filed by the defendant should be sustained as a matter of law.

The Attorney General, while denying the legal liability, admits that this claim is one which appears very strongly to the conscience of this Court; however, it is the opinion of this Court that there is no rule or precedent that permits an allowance in this case.

Therefore, the claim is dismissed.